## STATE v. LEAVITT.

On appeal from a conviction for obtaining property under false pretenses by means of a sale of horses represented as sound, but alleged to have been diseased with glanders, a decision upon a former appeal by defendant from a conviction for knowingly keeping and having in his possession glandered horses that evidence in all respects substantially identical with the evidence herein sufficiently showed that the horses were diseased, and that the defendant had knowledge thereof, is conclusive as to defendant's knowledge.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Marshall County. Hon. FRANK McNULTY, Judge.

A. E. Leavitt was convicted of obtaining property under false pretenses by means of a sale of certain horses represented as

sound, but alleged to have been diseased, and he appeals. Affirmed.

*H. H. Potter,* for appellant. *Royal C. Johnson,* Atty. Gen., *Byron Abbott,* State's Atty., and *Frank Anderson,* for the State.

SMITH, J. Appeal from the circuit court of Marshall county. Appellant, Leavitt, was convicted of the crime of obtaining property under false pretenses by means of a sale to one Hawkins of certain horses represented as sound, but alleged to have been diseased with glanders. Defendant appeals from a judgment of conviction and an order overruling motion for a new trial.

The evidence of the state in the record tends to prove that defendant purchased certain horses in Montana of one Poe, knowing them to be glandered, and shipped them to Marshall county, S. D., and about 12 days thereafter, to effect a sale, represented to one John Hawkins that the horses were free from disease, which representation was knowingly and willfully false, and by means of such false representation obtained money and property from the said Hawkins. It was conceded that defendant made the sale to Hawkins, but denied that he represented to Hawkins that the horses were sound and free from disease; denied that the horses were diseased; and denied any knowledge on his part that the horses were diseased. No question is raised by appellant, except as to the competency and sufficiency of the evidence offered by the state to show that the horses were infected with glanders, and that defendant had knowledge thereof prior to the sale to Hawkins. The records of this court disclose that at the January, 1911, term of the circuit court of Marshall county, the defendant, A. E. Leavitt, was placed on trial upon another information filed by the state's attorney, charging that the defendant did commit the crime of having and keeping in his possession glandered horses, and did sell and dispose of said diseased animals on or about the 10th day of October, 1910, to one John Hawkins, upon which charge the defendant, Leavitt, was convicted, and appealed to this court from an order overruling a motion for a new trial.

Upon the last-named appeal, the question presented to this. court was whether the evidence offered at said former trial was. competent and sufficient to show that the accused had knowledge: that said horses were glandered, and had sold them to the said Hawkins. The records further show that on November 14, 1911,. a decision upon that appeal was filed overruling in all particulars the contention of appellant that the evidence offered by the state at that trial was incompetent and insufficient to show that he had sold the horses to Hawkins, knowing them to be diseased. The records in the two cases show that the evidence offered upon the trial of the action now before us on appeal related to the same animals and is in all respects substantially identical with the evidence offered by the state on the former trial to show that the horses were diseased, and that the accused had knowledge thereof. We regard the decision in State v. Leavitt, reported in 28 S. D. 216, 133 N. W. 294, as decisive of the competency and sufficiency of the same evidence upon the identical issue on this appeal.

The Attorney General, on behalf of the state, as respondent, has filed in this case an elaborate and able brief, questioning the constitutionality of chapter 15, Laws of 1911, under which the appeal in this case purports to have been taken. Had we found it necessary to reverse the case for errors committed in the trial court, it would have been incumbent upon us, perhaps, to examine and determine the question of the constitutionality of the law. But, in view of the fact that the judgment and order of the trial court may be sustained upon other grounds, we do not deem it necessary at this time to determine the constitutional question.

The judgment and order of the trial court are affirmed.